IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ABBVIE INC.,                                     )
                                                 )
                    Plaintiff,                   )
                                                 )
        v.                                       )     C.A. No. _____
                                                 )
MSN PHARMACEUTICALS INC.,                        )
and MSN LABORATORIES PVT. LTD.,                  )
                                                 )
                    Defendants.                  )

## COMPLAINT

Plaintiff AbbVie Inc. ("AbbVie"), by its undersigned attorneys, brings this action against

Defendants MSN Pharmaceuticals Inc. and MSN Laboratories Pvt. Ltd. (collectively, "MSN"),

and hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. § 1, *et seq.*, and in particular under 35 U.S.C. § 271, and the Declaratory

Judgment Act, 28 U.S.C. §§ 2201 and 2202. This action arises from MSN's submission of an

Abbreviated New Drug Application ("ANDA") to the United States Food and Drug

Administration ("FDA") seeking approval to market a generic version of AbbVie's pharmaceutical

product RINVOQ® LQ 1 mg/mL oral solution ("MSN's ANDA Product" or the "MSN ANDA

Product"), prior to the expiration of United States Patent Nos. 11,186,584 ("the '584 Patent") and

12,365,689 ("the '689 Patent") (collectively, "the Patents-in-Suit").

## RINVOQ® LQ

2.      RINVOQ® LQ is a ground-breaking oral solution drug for treating pediatric

patients two years of age and older with active psoriatic arthritis and patients two years of age and

older with active polyarticular juvenile idiopathic arthritis.

3.    Janus kinases (JAKs), including JAK1, JAK2, JAK3 and Tyrosine kinase 2 (Tyk2), are intracellular enzymes that play a pivotal role in signaling pathways arising from cytokine or growth factor-receptor interactions on the cellular membrane to influence cellular processes of hematopoiesis and immune cell function. Within the signaling pathway, JAKs phosphorylate and activate signal transducers and activators of transcription (STATs), which modulate intracellular activity including gene expression. RINVOQ® LQ's active ingredient, upadacitinib, modulates the signaling pathway at the point of JAKs, preventing the phosphorylation and activation of STATs. Upadacitinib has surprising selectivity for JAK1.

4.    AbbVie's development of RINVOQ® LQ is part of its long legacy of research in immunology and its track record to making life better for patients with immune-mediated diseases.

5.    RINVOQ® LQ is currently approved for treatment of (1) pediatric patients 2 years of age and older with active psoriatic arthritis who have had an inadequate response or intolerance to one or more TNF blockers, and (2) patients 2 years of age and older with active polyarticular juvenile idiopathic arthritis who have had an inadequate response or intolerance to one or more TNF blockers.

6.    RINVOQ® LQ is an important addition to the treatment landscape for patients with these conditions and provides a treatment option for patients who do not respond well or are intolerant to other therapies. Indeed, RINVOQ® LQ was also the first oral therapy to receive FDA approval for pediatric patients with psoriatic arthritis. RINVOQ® LQ has also received orphan drug exclusivity through April 26, 2031 for treatment of pediatric patients 2 years of age and older with active polyarticular juvenile idiopathic arthritis who have had an inadequate response or intolerance to one or more tumor necrosis factor (TNF) blockers, and for the treatment of pediatric

patients 2 years of age and older with active psoriatic arthritis who have had an inadequate response or intolerance to one or more TNF blockers.

7.      As a result of the inventive work of the AbbVie scientists responsible for its development, RINVOQ® LQ is available in a 1 mg/mL immediate-release twice daily oral solution, which allows for oral dosing to pediatric patients.

## THE PARTIES

8.      Plaintiff AbbVie is a corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters at 1 North Waukegan Road, North Chicago, Illinois 60064. AbbVie is a global research and development-based biopharmaceutical company committed to developing innovative therapies for some of the world's most complex and critical conditions. AbbVie's mission is to use its expertise, dedicated people, and unique approach to innovation to markedly improve treatments across therapeutic areas.

9.      AbbVie is the assignee and owner of the Patents-in-Suit.

10.      AbbVie holds NDA No. 218347 for RINVOQ® LQ.

11.      On information and belief, Defendant MSN Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 20 Duke Road, Piscataway, NJ, 08854.

12.      On information and belief, Defendant MSN Laboratories Pvt. Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at MSN House, Plot No. C-24, Industrial Estate, Sanathnagar, Hyderabad – 500018, Telangana, India.

13.      On information and belief, MSN Pharmaceuticals Inc. is a wholly-owned subsidiary of MSN Laboratories Pvt. Ltd.

14.      On information and belief, MSN Laboratories Pvt. Ltd. and MSN Pharmaceuticals Inc. collaborate with respect to the development, regulatory approval, marketing, sale, and/or

3

distribution of pharmaceutical products. On further information and belief, MSN Laboratories Pvt. Ltd. and MSN Pharmaceuticals Inc. are agents of one another and/or operate in concert as integrated parts of the same business group and enter into agreements with each other that are nearer than arm's length.

15. On information and belief, MSN caused ANDA No. 221518 ("MSN's ANDA") to be submitted to FDA and seeks FDA approval of MSN's ANDA.

16. On information and belief, MSN Laboratories Pvt. Ltd. and MSN Pharmaceuticals Inc. acted collaboratively in the preparation of MSN's ANDA and continue to act collaboratively in pursuing FDA approval of MSN's ANDA and seeking to market the MSN ANDA Product.

17. On information and belief, MSN intends to commercially manufacture, market, offer for sale, and sell the MSN ANDA Product throughout the United States, including in the State of Delaware, in the event FDA approves MSN's ANDA.

18. On information and belief, MSN Laboratories Pvt. Ltd. and MSN Pharmaceuticals Inc. rely on material assistance from one another to market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in the State of Delaware. On information and belief, MSN Laboratories Pvt. Ltd. and MSN Pharmaceuticals Inc. intend to act collaboratively to commercially manufacture, market, distribute, offer for sale, and/or sell MSN's ANDA Product, in the event FDA approves MSN's ANDA.

## **JURISDICTION AND VENUE**

19. This is a civil action for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271 and 28 U.S.C. §§ 1338(a), 2201, and 2202.

20. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

21.    This Court has personal jurisdiction over MSN Pharmaceuticals Inc. because, on information and belief, MSN Pharmaceuticals Inc. is a corporation organized and existing under the laws of Delaware. On information and belief, MSN Pharmaceuticals Inc. is registered to do business as a domestic corporation in Delaware (File Number 5454849).

22.    Additionally, this Court has personal jurisdiction over MSN Pharmaceuticals Inc. and MSN Laboratories Pvt. Ltd. because, on information and belief, each, *inter alia*, has continuous and systematic contacts with the State of Delaware, regularly conducts business in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of Delaware, and intends to sell MSN's ANDA Product in the State of Delaware upon approval of MSN's ANDA.

23.    On information and belief, MSN is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, which MSN manufactures, distributes, markets, and/or sells throughout the United States and in this judicial district.

24.    On information and belief, MSN is licensed to sell generic and proprietary pharmaceutical products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

25.    MSN has committed, or aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement that will lead to foreseeable harm and injury to AbbVie, which manufactures and markets RINVOQ® LQ for sale and use throughout the United States, including in this judicial district. On information and belief and as indicated by a letter dated April 27, 2026 sent by MSN to AbbVie pursuant to 21 U.S.C. § 355(j)(2)(B), MSN prepared and filed

its ANDA with the intention of seeking to market MSN's ANDA Product nationwide, including within this judicial district.

26. On information and belief, MSN plans to sell the MSN ANDA Product in the State of Delaware, list the MSN ANDA Product on the State of Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of the MSN ANDA Product in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

27. On information and belief, MSN knows and intends that the MSN ANDA Product will be distributed and sold in Delaware and will thereby displace sales of RINVOQ® LQ, causing injury to AbbVie. MSN intends to take advantage of its established channels of distribution in Delaware for the sale of the MSN ANDA Product.

28. MSN Pharmaceuticals Inc. and MSN Laboratories Pvt. Ltd. have regularly invoked the jurisdiction of the courts of this judicial district by pleading counterclaims in pharmaceutical patent infringement actions in this judicial district, and they have also not contested personal jurisdiction or venue in pharmaceutical patent litigation in this judicial district. *See, e.g.*, *Bayer HealthCare Pharms. Inc. et al. v. MSN Pharms. Inc. et al.*, C.A. No. 25-01281, D.I. 16 (D. Del. Jan. 28, 2026); *Sumitomo Pharma Switzerland GmbH et al. v. MSN Labs. Private Ltd. et al.*, C.A. No. 25-345, D.I. 21 (D. Del. May 19, 2025); *AbbVie Inc. et al. v. Alkem Labs. Ltd. et al.*, C.A. No. 22-1423-RGA, D.I. 50 (D. Del. Feb. 15, 2023); *Intercept Pharms., Inc. et al. v. MSN Labs. Private Ltd. et al.*, C.A. No. 20-1214, D.I. 25 (D. Del. Jan. 13, 2021).

29. In the alternative, this Court has personal jurisdiction over MSN Laboratories Pvt. Ltd. because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) AbbVie's claims arise under federal law; (b) MSN Laboratories Pvt. Ltd. is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) MSN Laboratories

Pvt. Ltd. has sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of MSN's ANDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States including in this judicial district, such that this Court's exercise of jurisdiction over MSN Laboratories Pvt. Ltd. satisfies due process.

30.     Venue is proper in this district for MSN Pharmaceuticals Inc. pursuant to 28 U.S.C. § 1400(b) because, *inter alia*, MSN Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware.

31.     Venue is proper in this district for MSN Laboratories Pvt. Ltd. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, MSN Laboratories Pvt. Ltd. is a corporation organized and existing under the laws of India and may be sued in any judicial district.

## THE PATENTS-IN-SUIT

32.     The '584 Patent, entitled "Processes for the Preparation of (3S,4R)-3-ethyl-4-(3H-imidazo[1,2-a]pyrrolo[2,3-e]-pyrazin-8-yl]-n-(2,2,2-trifluoroethyl)pyrrolidine-1-carboxamide and solid state forms thereof," was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO") on November 30, 2021. A true and correct copy of the '584 Patent is attached hereto as Exhibit A. The '584 Patent is listed in the Approved Drug Products with Therapeutic Equivalence Evaluations (an FDA publication commonly known as the "Orange Book") for RINVOQ® LQ 1mg/mL oral solution.

33.     The '689 Patent, entitled "Processes for the Preparation of (3S,4R)-3-ethyl-4-(3H-imidazo[1,2-a]pyrrolo[2,3-e]-pyrazin-8-yl]-n-(2,2,2-trifluoroethyl)pyrrolidine-1-carboxamide and solid state forms thereof," was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO") on July 22, 2025. A true and correct copy of the '689 Patent is

attached hereto as Exhibit B. The '689 Patent is listed in the Orange Book for RINVOQ® LQ 1mg/mL oral solution.

<strong><u>MSN'S ANDA NO. 221518</u></strong>

34. MSN has submitted MSN's ANDA, which seeks approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of a purported generic version of RINVOQ® LQ 1 mg/mL oral solution prior to the expiration of, *inter alia*, the '584 and '689 Patents.

35. On information and belief, FDA has not approved MSN's ANDA.

36. MSN sent AbbVie a Notice Letter dated April 27, 2026 ("MSN's Notice Letter"). MSN's Notice Letter represented that MSN had submitted to FDA ANDA No. 221518 and purported Paragraph IV certifications with respect to the '584 Patent and United States Patent Nos. 9,951,080 (the '080 Patent); 10,981,923 (the "'923 Patent"); 11,661,425 (the "'425 Patent"); 11,680,069 (the "'069 Patent"); 11,718,627 (the "'627 Patent"); 11,773,105 (the "'105 Patent"); and 12,110,298 (the "'298 Patent"), which are all listed in the Orange Book for RINVOQ® LQ. MSN's Notice Letter did not address the '689 Patent and two other patents, United States Patents Nos. 8,926,629 and RE47,221, all of which are listed in the Orange Book for RINVOQ® LQ.

37. According to applicable regulations, Notice Letters such as MSN's must contain a detailed statement of the factual and legal basis for the applicant's opinion that the patent is invalid, unenforceable, or not infringed which includes a claim-by-claim analysis, describing "for each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "for each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation." *See* 21 C.F.R. § 314.95(c)(7); *see also* 21 C.F.R. § 314.52.

38. In MSN's Notice Letter, MSN purported to offer confidential access to portions of

8

its ANDA No. 221518 on terms and conditions set forth in MSN's Notice Letter ("the MSN Offer"). The MSN Offer contained unreasonable restrictions regarding access to its ANDA, well beyond those that would apply under a protective order. For example, the MSN Offer did not permit AbbVie's in-house counsel or scientific experts to access ANDA No. 221518. Additionally, the MSN Offer contained provisions that unreasonably restricted the ability of outside counsel receiving access to ANDA No. 221518 to engage in any work before or involving FDA relating to upadacitinib oral solutions, upadacitinib, or any analogs, derivatives, or formulations thereof. The restrictions the MSN Offer placed on access to ANDA No. 221518 contravene 21 U.S.C. § 355(j)(5)(C)(i)(III), which states that an offer of confidential access "shall contain such restrictions as to persons entitled to access, and on the use and disposition of any information accessed, *as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information*" (emphasis added).

39.     Outside counsel for AbbVie negotiated in good faith with counsel for MSN in an attempt to reach agreement on reasonable terms of confidential access to MSN's ANDA. In correspondence dated May 12, 2026, outside counsel for AbbVie proposed edits to the MSN Offer consistent with protective orders AbbVie and MSN have entered into in recent Hatch-Waxman litigation, and consistent with the purpose of 21 U.S.C. § 355(j)(5)(C)(i)(III). *See, e.g.*, *AbbVie Inc. et al. v. Alkem Laboratories Limited et al.*, C.A. No. 1:22-cv-01423-RGA-JLH, D.I. 101 (D. Del. May 12, 2023). There, MSN allowed expert and in-house counsel access to its ANDA and permitted outside counsel receiving access to engage in FDA-related work. *See id.*

40.     Between May 12, 2026 and May 22, 2026, outside counsel for AbbVie and counsel for MSN continued to discuss the conditions of access to MSN's ANDA. MSN continued to insist on unreasonable terms, including with respect to the ability of AbbVie in-house counsel to access

9

MSN's ANDA. To date, AbbVie has not received access to MSN's ANDA.

41. On information and belief, if FDA approves MSN's ANDA, MSN will manufacture, offer for sale, or sell its ANDA Product, within the United States, including within the State of Delaware, or will import its ANDA Product into the United States, including the State of Delaware. On information and belief, the manufacture, use, offer for sale, sale, or importation of MSN's ANDA Product will directly infringe the '584 Patent and the '689 Patent, either literally or under the doctrine of equivalents, and MSN will actively induce and/or contribute to the infringement of the '584 Patent and/or the '689 Patent, either literally or under the doctrine of equivalents.

42. This action is being brought within forty-five days of AbbVie's receipt of MSN's Notice Letter. Accordingly, AbbVie is entitled to a stay of FDA approval pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

### COUNT 1 — INFRINGEMENT OF THE '584 PATENT BY MSN

43. AbbVie restates, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

44. On information and belief, MSN has submitted or caused the submission of MSN's ANDA to FDA and thereby seeks FDA approval of MSN's ANDA Product.

45. AbbVie owns all rights, title, and interest in and to the '584 Patent.

46. On information and belief, MSN's ANDA Product and/or the use thereof infringes one or more claims of the '584 Patent.

47. On information and belief, MSN has infringed one or more claims of the '584 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting MSN's ANDA and thereby seeking FDA approval of a purported generic version of RINVOQ® LQ prior to the expiration of the '584 Patent.

10

48. On information and belief, if the MSN ANDA is approved, the MSN ANDA Product will be made, offered for sale, sold, imported, or otherwise distributed in the United States, including in the State of Delaware, by or through MSN and its affiliates, directly infringing the '584 Patent.

49. On information and belief, importation, manufacture, sale, offer for sale, or use of MSN's ANDA Product by MSN or on its behalf prior to the expiration of the '584 Patent would infringe one or more claims of the '584 Patent under 35 U.S.C. § 271(a), (b), (c), and/or (g).

50. On information and belief, MSN has actual and constructive notice of the '584 Patent and is aware that the submission of MSN's ANDA with the request for FDA approval prior to the expiration of the '584 Patent would constitute an act of infringement of the '584 Patent.

51. On information and belief, AbbVie will be irreparably harmed if MSN is not enjoined from infringing and/or from actively inducing or contributing to the infringement of the '584 Patent. AbbVie does not have an adequate remedy at law, and considering the balance of hardships between AbbVie and MSN, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

52. MSN's Notice Letter lacks any sufficient contention that the '584 Patent is invalid, unenforceable, and/or not infringed by MSN. Any assertion by MSN of invalidity, unenforceability, and/or non-infringement with respect to the '584 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285 and entitles AbbVie to recovery of its attorneys' fees and such other relief as this Court deems proper.

## COUNT 2 — DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '584 PATENT BY MSN

53. AbbVie restates, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

54.     AbbVie's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

55.     AbbVie owns all rights, title, and interest in and to the '584 Patent.

56.     On information and belief, MSN's ANDA Product and/or the use thereof infringes one or more claims of the '584 Patent.

57.     On information and belief, MSN has submitted or caused the submission of the MSN ANDA to FDA and continue to seek FDA approval of the MSN ANDA.

58.     On information and belief, MSN has made, and will continue to make, substantial preparation to import into the United States, and/or to use, offer to sell, and/or sell within the United States the MSN ANDA Product.

59.     On information and belief, if the MSN ANDA is approved, the MSN ANDA Product will be made, offered for sale, sold, imported, or otherwise distributed in the United States, including in the State of Delaware, by or through MSN and its affiliates, directly infringing the '584 Patent.

60.     On information and belief, MSN has actual and constructive notice of the '584 Patent and is aware that the manufacture, use, sale, and/or importation of the MSN ANDA Product prior to the expiration of the '584 Patent will constitute an act of infringement of the '584 Patent.

61.     Unless enjoined by this Court, on information and belief, importation, manufacture, sale, offer for sale, or use of MSN's ANDA Product by MSN or on its behalf prior to the expiration of the '584 Patent would infringe one or more claims of the '584 Patent under 35 U.S.C. § 271(a), (b), (c), and/or (g).

62.     As a result of the foregoing facts, there is a real, substantial and continuing justiciable controversy between for the parties hereto as to the infringement of the '584 Patent for

which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

63.    On information and belief, AbbVie will be irreparably harmed if MSN is not enjoined from infringing and/or from actively inducing or contributing to the infringement of the '584 Patent. AbbVie does not have an adequate remedy at law, and considering the balance of hardships between AbbVie and MSN, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

64.    MSN's Notice Letter lacks any sufficient contention that the '584 Patent is invalid, unenforceable, and/or not infringed by MSN. Any assertion by MSN of invalidity, unenforceability, and/or non-infringement with respect to the '584 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285 and entitles AbbVie to recovery of its attorneys' fees and such other relief as this Court deems proper.

### COUNT 3 — INFRINGEMENT OF THE '689 PATENT BY MSN

65.    AbbVie restates, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

66.    On information and belief, MSN has submitted or caused the submission of MSN's ANDA to FDA and thereby seeks FDA approval of MSN's ANDA Product.

67.    AbbVie owns all rights, title, and interest in and to the '689 Patent.

68.    On information and belief, MSN's ANDA Product and/or the use thereof infringes one or more claims of the '689 Patent.

69.    On information and belief, MSN has infringed one or more claims of the '689 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting MSN's ANDA and thereby seeking FDA approval of a purported generic version of RINVOQ® LQ prior to the expiration of the '689 Patent.

70.     On information and belief, if the MSN ANDA is approved, the MSN ANDA Product will be made, offered for sale, sold, imported, or otherwise distributed in the United States, including in the State of Delaware, by or through MSN and its affiliates, and will then be used in a way that is directly infringing the '689 Patent.

71.     On information and belief, upon FDA approval of the MSN ANDA, MSN will actively induce and/or contribute to the infringement of one or more claims of the '689 Patent under 35 U.S.C. § 271(b) and/or (c) by actively and intentionally aiding, abetting, encouraging, participating in, and/or inducing others to perform acts of direct infringement with knowledge of the '689 Patent and knowledge that it is encouraging infringement.

72.     On information and belief, MSN has actual and constructive notice of the '689 Patent and is aware that the submission of MSN's ANDA with the request for FDA approval prior to the expiration of the '689 Patent would constitute an act of infringement of the '689 Patent.

73.     On information and belief, AbbVie will be irreparably harmed if MSN is not enjoined from infringing and/or from actively inducing or contributing to the infringement of the '689 Patent. AbbVie does not have an adequate remedy at law, and considering the balance of hardships between AbbVie and MSN, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

74.     MSN's Notice Letter lacks any contention that the '689 Patent is invalid, unenforceable, and/or not infringed by MSN. Any assertion by MSN of invalidity, unenforceability, and/or non-infringement with respect to the '689 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285 and entitles AbbVie to recovery of its attorneys' fees and such other relief as this Court deems proper.

14

**COUNT 4 — DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '689 PATENT BY MSN**

75.     AbbVie restates, realleges, and incorporates by reference the foregoing paragraphs as if fully set forth herein.

76.     AbbVie's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

77.     AbbVie owns all rights, title, and interest in and to the '689 Patent.

78.     On information and belief, MSN's ANDA Product and/or the use thereof infringes one or more claims of the '689 Patent.

79.     On information and belief, MSN has submitted or caused the submission of the MSN ANDA to FDA and continue to seek FDA approval of the MSN ANDA.

80.     On information and belief, MSN has made, and will continue to make, substantial preparation to import into the United States, and/or to use, offer to sell, and/or sell within the United States the MSN ANDA Product.

81.     On information and belief, if the MSN ANDA is approved, the MSN ANDA Product will be made, offered for sale, sold, imported, or otherwise distributed in the United States, including in the State of Delaware, by or through MSN and its affiliates, and will then be used in a way that is directly infringing the '689 Patent.

82.     Unless enjoined by this Court, on information and belief, upon FDA approval of the MSN ANDA, MSN will actively induce and/or contribute to the infringement of one or more claims of the '689 Patent under 35 U.S.C. § 271(b) and/or (c) by actively and intentionally aiding, abetting, encouraging, participating in, and/or inducing others to perform acts of direct infringement with knowledge of the '689 Patent and knowledge that it is encouraging infringement.

83.    On information and belief, MSN has actual and constructive notice of the '689 Patent and is aware that the manufacture, use, sale, and/or importation of the MSN ANDA Product prior to the expiration of the '689 Patent will constitute an act of infringement of the '689 Patent.

84.    As a result of the foregoing facts, there is a real, substantial and continuing justiciable controversy between for the parties hereto as to the infringement of the '689 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

85.    On information and belief, AbbVie will be irreparably harmed if MSN is not enjoined from infringing and/or from actively inducing or contributing to the infringement of the '689 Patent. AbbVie does not have an adequate remedy at law, and considering the balance of hardships between AbbVie and MSN, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

86.    MSN's Notice Letter lacks any contention that the '689 Patent is invalid, unenforceable, and/or not infringed by MSN. Any assertion by MSN of invalidity, unenforceability, and/or non-infringement with respect to the '689 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285 and entitles AbbVie to recovery of its attorneys' fees and such other relief as this Court deems proper.

## REQUEST FOR RELIEF

WHEREFORE, AbbVie respectfully requests the following relief:

(A)    A judgment that MSN has infringed the '584 and '689 Patents under 35 U.S.C. § 271(e)(2)(A);

(B)    A declaratory judgment that under one or more of 35 U.S.C. §§ 271(a), (b), (c), and/or (g), MSN's commercial manufacture, use, offer for sale, or sale in, or importation into the

16

United States of the MSN ANDA Product, or inducing or contributing to such conduct, would constitute infringement of one or more claims of the '584 and '689 Patents;

(C)     A judgment and order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of MSN's ANDA shall be no earlier than the last expiration date of any of the '584 and '689 Patents, or any later expiration of exclusivity for any of the '584 and '689 Patents, including any extensions or regulatory exclusivities;

(D)     A judgment that making, using, selling, offering to sell, or importing MSN's accused ANDA Product, or inducing or contributing to such conduct, would constitute infringement of the '584 and '689 Patents pursuant to 35 U.S.C. §§ 271 (a), (b), (c), and/or (g);

(E)     Entry of a permanent injunction enjoining MSN, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with MSN or on its behalf from commercially manufacturing, using, offering for sale, or selling its accused ANDA Product within the United States, or importing its accused ANDA Product into the United States, until the day after the expiration of the '584 and '689 Patents, including any additional exclusivity period applicable to those patents, and from otherwise infringing the claims of the '584 and '689 Patents;

(F)     An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if MSN engages in the commercial manufacture, use, offer for sale, sale, and/or importation of its accused ANDA Product, or any product that infringes the '584 and '689 Patents, or induces or contributes to such conduct, prior to the expiration of those patents including any additional exclusivity period applicable to those patents;

(G)     A finding that this is an exceptional case, and an award of attorneys' fees in this action pursuant to 35 U.S.C. § 285;

17

(H)     An award to Plaintiffs of their costs and expenses in this action; and

(I)     Such other and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____

Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiff AbbVie Inc.*

OF COUNSEL:

Christopher N. Sipes
Erica N. Andersen
Nicholas L. Evoy
Alexander Trzeciak
Allyson C. Corigliano
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

June 10, 2026

18